UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY POLITES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV143 CDP |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Anthony Polites has brought suit against his employer, Home Depot U.S.A., Inc., alleging employment discrimination and retaliation on the basis of disability in violation of the Missouri Human Rights Act. Home Depot removed this case on diversity grounds. Polites does not dispute that there is complete diversity between the parties, but argues that the amount in controversy does not exceed $75,000 and therefore moves to remand. Because I find that a finder of fact could legally conclude that damages exceed $75,000, I will deny the motion.

### Background

Anthony Polites was hired by Home Depot in July 2007 as an Electrical Trade Specialist to work at its location in Ferguson, Missouri. Polites worked in this position full-time until March 8, 2012. Polites alleges that he has a substantial physical impairment that was known to Home Depot, that he underwent a medical procedure to ameliorate this condition, and that he took medical leave as a result of

the procedure. On March 8, 2010, Polites presented a medical release to Home Depot indicating that he could return to work with certain restrictions. Home Depot informed him that his position had been eliminated and he was being reduced to part-time hours. Polites complained to his manager and human resources that his job was eliminated because of his disability, that he was not being accommodated, and that the reduction in hours was discriminatory.

Polites filed this action in the Twenty-Second Judicial Circuit Court, City of St. Louis, Missouri, alleging disability discrimination and retaliation in violation of the Missouri Human Rights Act. On January 23, 2013, Home Depot removed the case to this court, arguing that the actual amount in controversy exceeds the $75,000 threshold. Polites now moves to remand.

## Discussion

Federal courts are courts of limited jurisdiction. *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.,* 80 F.3d 257, 260 (8th Cir. 1996). A defendant seeking removal and opposing remand has the burden of establishing proper jurisdiction.

*Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Any doubts about the propriety of removal are to be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Jurisdiction under § 1332 requires a minimum amount in controversy in excess of $75,000, exclusive of interest and costs, and complete diversity of citizenship among the parties. Polites alleges that the amount in controversy requirement has not been met and, thus, that federal jurisdiction is improper.

With regard to the amount in controversy requirement, the Eighth Circuit has established that when "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Life Ins. Co. Sales Practice Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

To meet this burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.,* 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). In determining the amount in controversy, the relevant question is not whether the verdict will ultimately exceed $75,000; rather, it is whether a finder of fact could legally conclude that the damages exceed that amount. *Riffert v. Walgreen Co.,* No.

4:07CV1912 JCH, 2008 WL 495643, at *2 (E.D. Mo. Feb. 20, 2008) (citing *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002)).

It is well established that, when calculating the amount in controversy, punitive damages are to be included. *Allison v. Sec. Benefit Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992) (citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240 (1943)). The court is given great discretion in decisions involving claims for punitive damages and, hence, is required to closely scrutinize such claims. *Larkin v. Brown,* 41 F.3d 387, 389 (8th Cir. 1994) (internal quotations and citations omitted).

However, when punitive damages are included, the "existence of the required amount must be supported by competent proof." *Id.* at 388–89 (quoting *Esler v. Northrop Corp.,* 86 F.R.D. 20, 28 (W.D. Mo. 1979)). In the specific context of a motion to remand, such proof may include evidence of similar cases in which punitive damages were awarded. *See Rodgers v. Wolfe,* No. 4:05CV1600 ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006); *Gonzalez–Lopez v. Fahle,* No. 4:05CV827 CEJ, 2005 WL 2708832 (E.D. Mo. Oct. 21, 2005).

According to his complaint, Polites is seeking "compensatory damages in an amount less than $75,000," plus damages for emotional distress, punitive damages, and attorneys' fees. In his initial disclosures, Polites listed his compensatory damages at $44,000. However, even assuming that Plaintiffs' actual damages are

less than $75,000, Polites' demand for punitive damages, damages for emotional distress, and attorneys' fees would increase this amount. In a similar case, this court recently held that although estimated compensatory damages were only $35,000, the addition of damages for emotional distress, punitive damages, and attorneys' fees "would allow a finder of fact to 'legally conclude' that the jurisdictional minimum has been met." *White v. United Parcel Serv.*, No. 4:11CV707 AGF, 2012 WL 760936, at *3 (E.D. Mo. 2012). Furthermore, the Eighth Circuit has approved a four-to-one ratio between punitive and compensatory damages as appropriate in MHRA cases. *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 363 (8th Cir. 2009). Therefore, even if Polites' compensatory damages do not exceed $44,000 as noted in his initial disclosures, it is clear that the finder of fact *could* potentially award well in excess of the $75,000 threshold.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#20] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2013..